IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------- . | CASE NO. 1:09 CR 535 |
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff : | |
| : | MEMORANDUM OF OPINION AND |
| -vs- : | ORDER DENYING RELEASE ON |
| : | BOND |
| SHAWN OLIVER, et al., : | |
| : | |
| Defendant : | |
| ----------------------------------------------- . | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 15 December 2009 defendant Shawn Oliver was named, along with two co-defendants, in a multi-count Indictment for felon in possession of a firearm, sale of a firearm to a felon, and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 & 18 U.S.C. § 922 . (Doc. 1) (Mr. Oliver is named in Counts 1-10 of the Indictment). The government unsealed a Superseding Indictment on 29 June 2010 in which Mr. Oliver is named in Counts 1s-10s for the same violations as in the original Indictment.

On 19 February 2010, Mr. Oliver was arraigned before Magistrate Judge William H. Baughman, Jr. On 19 August 2010, Mr. Oliver appeared before Magistrate Judge Kenneth S. McHargh and entered a plea of guilty as to all named counts in the Superseding Indictment

Now before the Court is Mr. Oliver's Motion to Reconsider Detention Order (Doc.

51), which the Court construes as a motion for bond. The defendant argues for release on bond prior to sentencing on the charges to which he has pled guilty because, he maintains, he will not pose a danger to the community or present a flight risk. 18 U.S.C. § 3143(a). Mr. Oliver specifically notes his mother, Ann Oliver, who has legal custody of six of Mr. Oliver's nine children, is in ill health. Prior to his arrest, Mr. Oliver maintains that he lived upstairs from his mother and helped her with the children financially and with tasks around the house she was unable to perform. Mr. Oliver contends that release on bond will enable him to "be employed and attend to family matters." The government opposes Mr. Oliver's release on bond, pursuant to the standards laid down in 18 U.S.C. §§ 3143 & 3145. (Doc. 52).

For the reasons discussed below, this Court will deny Mr. Oliver's motion for release on bond. The Court reaches this conclusion on the arguments presented in the parties' briefs, without a hearing, as the question of whether to release Mr. Oliver is clearly determinable on the papers where the Defendant fails to marshal the necessary clear and convincing evidence to surmount the presumption against release found in 18 U.S.C. § 3143(a)(1) & (2).

Title 18, United States Code Section 3143 governs release of a defendant pending sentencing. In pertinent part, Section 3143 provides:

> (a)(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
> (2) The judicial officer shall order that a person who has been found guilty

> of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143.

Pursuant to the same standards enunciated in Section 3143, 18 U.S.C. § 3145 provides for release from detention only when "exceptional reasons" have been clearly demonstrated. In pertinent part Section 3145(c) states:

> (c) . . . A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

Mr. Oliver has not made the clear and convincing showing necessary to abrogate his detention, under either Section 3143 or Section 3145. Under Section 3143(a)(2), Mr. Oliver's admitted plea of guilty to the sale of firearms to a felon, felon in possession, and possession with intent to distribute cocaine specifically places him in the ambit of the violations contemplated in 18 U.S.C. 3142(f)(1)(C). As such, the presumption is in favor of detaining Mr. Oliver unless the Court finds by clear and convincing evidence that he is not likely to flee or pose a danger to the community.

Pursuant to the specific factors found in 18 U.S.C. § 3142, the Court reviews the nature and circumstances of the offense, the weight of the evidence, and the history

and characteristics of the Defendant. Mr. Oliver is charged with felon in possession for possession of a firearm on 23 March, 9 May, 22 May and 28 June 2007, as charged in counts 1, 4, 6, and 8 of the Indictment. Mr. Oliver is further charged with selling a firearm to a known felon on 23 March, 9 May, 22 May, and 28 June 2007, as reflected in counts 2, 5, 7, and 9 of the Indictment. Finally, Mr. Oliver is charged with possession with intent to distribute a total of 26 grams of cocaine on 23 March and 28 June 2007, as named in counts 3 and 10 of the Indictment.

These considerations continue to bear on Mr. Oliver's request for bond. Mr. Oliver has now compounded these considerations by establishing his own guilt, making the argument for detention more compelling. Further, evidence of Mr. Oliver's record of illegal drug activity, coupled with his inability to conform his conduct to the requirements of his disability as a felon, as well as the record of his twenty-three prior convictions – including robbery, domestic violence and felonious assault – demonstrate a continued history of poor judgment.

The record leads the Court to conclude the Defendant has not rebutted the presumption that he poses a danger to the safety of the community and that he poses a risk of flight. In short, Mr. Oliver has not discharged his burden of showing, by clear and convincing evidence, that he is unlikely to flee or pose a danger to the community if released on bond. 18 U.S.C. § 3143(a)(1).

Further, pursuant to Section 3145(c), Mr. Oliver must "clearly show[ ] that there are exceptional reasons" warranting his release. As stated, Mr. Oliver seeks release in order to provide support for his loved ones. While this is a laudable basis for seeking release, the Courts do not regard hardship to family members as an "exceptional

reason[ ]" justifying release. See United States v. Cook, 42 Fed. Appx. 803 (6th Cir. 2002). Accordingly, Mr. Oliver has not discharged his burden of "clearly show[ing] that there are exceptional reasons why [his] detention would not be appropriate. 18 U.S.C. § 3145(c).

Accordingly, the Court denies Mr. Oliver's motion for release on bond pursuant to 18 U.S.C. §§ 3143 & 3145.

IT IS SO ORDERED.

                                                          /s/Lesley Wells
                                           UNITED STATES DISTRICT JUDGE